UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOCELYN MERCER,

       Plaintiff

    -against-

CREST FINANCIAL SERVICES, LLC,

       Defendant

--------------------------------------------------------------------x

**COMPLAINT**

## I. PRELIMINARY STATEMENT

1.    Plaintiff, JOCELYN MERCER, brings this action for the illegal practices of the above-named Defendant who, *inter alia*, used illegal practices in conjunction with baseless attempts to collect monies from the Plaintiff.

## II. PARTIES

2.    The Plaintiff is a natural person.

3.    At all times relevant to this Complaint, the Plaintiff was a citizen of, and resided in Bronx, New York.

4. At all times relevant to this Complaint, the Defendant Crest Financial Services, LLC (RPM) is a citizen of the State of Utah, having incorporated therein on August 28, 2001, and maintains a principal place of business located at 61 West 13490 South, Draper, Utah.

5. At all times relevant herein Plaintiff was and is a "person" as that term is defined by the TCPA, 47 U.S.C. § 153(32).

6. Upon information and belief the Defendant owned, operated and controlled "customer premises equipment" as that term is defined by the TCPA, 47 U.S.C. § 153(14). This described equipment originated, routed and terminated telecommunications to the Plaintiff's cellular telephone.

7. The Defendant engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. § 153(22).

8. The Defendant engaged in "telecommunications" as that term is defined in the TCPA, 47 U.S.C. § 153(43).

9. The Defendant used and operated "wire communications" as that term is defined in the TCPA, 47 U.S.C. § 153(42). Said wire communications existed as instrumentalities of interstate and intrastate commerce.

10. The Defendant used and operated "automatic telephone dialing systems" as that term is defined in the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.`100(f)(1).

### III. JURISDICTION & VENUE

11. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1332.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b)

because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action was commenced. Plaintiff also invokes the supplemental jurisdiction of this court for her New York state law claim pursuant to 28 U.S.C. § 1367.

## IV.  FACTS CONCERNING THE PLAINTIFF

13. Commencing within six months prior to the filing of the herein lawsuit, the Defendant called the Plaintiff on an average of three-four times per day.

14. The telephone calls were placed by the Defendant to the Plaintiff in regard to a disputed alleged debt.

15. During telephone conversations with persons employed as collectors by the Defendant, the Plaintiff expressly withdrew her consent to being called by the Defendant.

16. Upon information and belief, the calls placed to the Plaintiff by the Defendant are initiated via the use of an autodialer.

17. Many of the calls were placed to the Plaintiff's cellular telephone.

18. The Defendant also placed numerous telephone calls to the Plaintiff at her home residence after the Plaintiff withdrew her consent to receive telephone calls from the Defendant.

19. As a result of the foregoing the Plaintiff has suffered anxiety, fear, worry and severe emotional distress.

## V.  FIRST CAUSE OF ACTION

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

20. The Plaintiff repeats and reiterates the allegations set forth in the previous paragraphs as if same are stated at length herein.

21. The Defendant unlawfully violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to the Plaintiff's cellular telephone using an automated telephone dialing system after the Plaintiff expressly withdrew her consent to receive telephone calls placed by the Defendant to her cellular telephone.

22. The acts of placing the numerous telephone calls caused the Plaintiff to suffer damages due to the harassing and annoying nature of receiving multiple unwarranted and unjustified telephone calls.

23. As a result of the multiple telephone calls, which constitute multiple violations of the TCPA, the Defendant is liable to the Plaintiff for actual damages and statutory damages.

24. Plaintiff received multiple and numerous telephone calls from an automatic telephone dialing system entitling the Plaintiff to at least $1,500.00 for each TCPA violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(C) as the calls placed by the Defendant with intent and with knowledge that the Plaintiff has withdrawn her consent to receiving said telephone calls placed by the Defendant to the Plaintiff's cellular telephone.

## VI. SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. The Plaintiff repeats and reiterates the allegations set forth in the previous paragraphs as if same are stated at length herein.

26. The actions of the Defendant towards the Plaintiff constituted extreme and outrageous conduct.

27. The Defendant intended to cause severe emotional distress to the Plaintiff.

28. There resulted a causal connection between the Defendant's conduct and the severe emotional distress suffered by the Plaintiff.

29. The actions of the Defendant have caused the Plaintiff to suffer severe emotional distress.

30. The actions of the Defendant were so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

## VII. THIRD CAUSE OF ACTION

### PRIVATE NUISANCE

31. The Plaintiff repeats and reiterates the allegations set forth in the previous paragraphs as if same are stated at length herein.

32. At all times relevant herein the Plaintiff had a legal right to the enjoyable use of her home and to be free from any annoyance, harm and inconvenience in regard thereto.

33. The telephone calls placed by the Defendant to the Plaintiff's home telephone each and all constituted a substantial interference with the Plaintiff's use and enjoyment of her home.

34. The telephone calls placed by the Defendant to the Plaintiff were placed intentionally by the Defendant.

35. The telephone calls placed by the Defendant to the Plaintiff were each unreasonable in character.

36. The Defendant's telephone calls interfered with the Plaintiff's right to enjoy her home premises.

37. The entire interference with Plaintiff's right to use and enjoyment of her home was caused by the Defendant's conduct in placing the barrage of telephone calls to the Plaintiff.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as set forth below:

(i) Statutory damages in the amount of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C);

(ii) Actual damages in an amount to be determined at the time of trial in an amount not less than $250,000.00 (two hundred fifty thousand dollars);

(iii) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

-7-

DATED:   New York, New York
         January 31, 2017

                                          ROBERT L. ARLEO, ESQ. P.C.

                                          */ s / Robert L. Arleo*
                                          BY: ROBERT L. ARLEO
                                          380 Lexington Avenue, 17th Fl.
                                          New York, New York   10168
                                          Phone: (212) 551-1115
                                          Email: robertarleo@gmail.com
                                          *Attorney for the Plaintiff*